UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,                    Case No.  3:12-CV-01659-01-KI
                                                 Case Nos. 3:06-CR-00294-01-KI
                    Plaintiff,                                 3:10-CR-00067-01-KI

            v.                                   OPINION AND ORDER

**JAMES MAXWELL WORTHINGTON
BERESTOFF**,

                    Defendant.

        S. Amanda Marshall
        United States Attorney
        District of Oregon
        Stephen F. Peifer
        Assistant U.S. Attorney
        1000 SW Third Ave., Suite 600
        Portland, OR 97204-2902

                Attorneys for Plaintiff

        James M.W. Berestoff
        Federal Correctional Institution

Page 1 - OPINION AND ORDER

P.O. Box 6000
Florence, CO 81226

     Defendant

KING, Judge:

Before the court is defendant James Maxwell Berestoff's motion, under 28 U.S.C. § 2255,

for the reduction of his sentence as well as a motion to proceed in forma pauperis.  For the reasons

set forth below, I deny the motions.

## PROCEDURAL BACKGROUND

The Court has a lengthy history with Berestoff, beginning with his first indictment in this

Court in 2006 for bank robbery.  The Court ordered an evaluation of his mental status, found him

competent and eventually entered an Alford Plea to a Superseding Information charging him with

Entering a Bank With the Intent to Commit Larceny.  The Court then released Berestoff to a

community corrections facility pending sentencing.  Berestoff promptly absconded to the State of

Washington.  He was arrested a month later after he again committed a bank robbery.  He was

charged in an Information, both with the bank robbery under 18 U.S.C. § 2113(a) and with

committing the offense while released from custody pending sentencing, in violation of 18

U.S.C. § 3147(1).  He entered a guilty plea to the Information on June 17, 2010 and was

sentenced on September 27, 2010 to 84 months' imprisonment, to be served concurrently with

the 84-month sentence imposed in the 2006 case.  The Court adjusted downward from the

advisory guideline range of 100 to 125 months, declining to accept the government's

recommendation for a 100-month sentence.  In addition, the Court included strong language in

the judgment, as jointly requested by the parties, that:

Page 2 - OPINION AND ORDER

Because the Defendant has serious mental-health concerns, it is recommended that the USBOP assign the defendant to the highest CARE level available, so that his medical needs will be the primary factor in the designation decision. The Court further recommends that the defendant serve as much of his term of imprisonment as possible in a federal medical center such as FMC Rochester or USMCFP Springfield.

J. 2. The Judgment was entered on September 28, 2010.

Two days after the sentencing hearing, and one day after the Judgment was entered on the docket, the parties filed a Joint Motion to Amend/Correct Judgment & Commitment. In that motion, counsel explained the sentence imposed in the two cases was entered incorrectly. Under 18 U.S.C. § 3147, the sentence in the later case, Cr 10-67-01-KI, was required to run consecutively to the sentence imposed in the earlier case, Cr 06-294-01-KI. Counsel asked the Court to amend the judgments, apportioning the sentence so that one would be served consecutively to the other. Accordingly, the Court entered amended judgments, sentencing Berestoff to 22 months on the earlier case and 62 months on the later case, resulting in a total sentence of 84 months. The Amended Judgment was entered on September 30, 2010. At the request of counsel, the Court added, "[T]he court notes its intention that the consecutive sentences in Cr 10-67-01-KI and Cr 06-294-01-KI will be aggregated for all purposes, including defendant's ability to earn good-time credit." Am. J. 2.

Berestoff's Section 2255 motion suggests the Court only "recommended" his place of incarceration and should have sentenced him to a medical center. He also takes issue with the amendments to the judgment, believing splitting his sentence in two "caused my points to skyrocket among other things. And so, having never been to federal prison, I was sent straight to a knife-wielding, gang infested U.S.P. where I did not belong." Mot. 6. He asks that the Court

Page 3 - OPINION AND ORDER

transfer him to Washington State, or that his further time be served in a mental health treatment facility.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

Section 2255 contains a one-year statute of limitations which runs from the latest of: (1) the date on which the "judgment of conviction" becomes final; (2) the date on which unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to cases

Page 4 - OPINION AND ORDER

on collateral review;" or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since the defendant's motion is untimely.  Additionally, there is no need for notice to be served upon the United States attorney because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  22 U.S.C. § 2255(b).

As I note above, judgment was entered against defendant in both cases on September 30, 2010.  His "judgment of conviction" became final ten days later when the time for filing his notice of appeal ended.  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Pursuant to the statute, then, defendant was required to file his Section 2255 motion by October 10, 2011.  Instead, defendant filed his Section 2255 motion on September 13, 2012, almost over a year too late.  None of the other events from which the one year period can be measured apply here.  Additionally, defendant has not pointed to any "extraordinary circumstance beyond [his] control that made it impossible for [him] to file [his] motion within the appropriate time period[,]" making the doctrine of equitable tolling inapplicable.  Id. at 1224.

I also note Berestoff agreed in his plea agreement that his designation was within the province of the Bureau of Prisons.  The Court, with the government's agreement, strongly recommended defendant's designation to a facility with the highest CARE level, ideally federal medical centers at Rochester or Springfield.  Since the Court has no control over a prisoner's place of incarceration, Berestoff could obtain no relief through this motion even were it timely. 18 U.S.C. § 3621(b) (Bureau of Prisons has discretion to designate a prisoner's place of

incarceration in "any available penal or correctional facility that meets minimum standards of health and habitability" and takes into consideration as only one factor a court's statement recommending a type of facility).

**CONCLUSION**

Berestoff's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [15] is DENIED.  The motion to file in Forma Pauperis [16] is DENIED as moot because a Section 2255 petition does not require any filing fees.  Finally, because the motion and the files and records of the case conclusively show that Berestoff is entitled to no relief, the court issues this ruling *sua sponte* without requiring a response from the government.  Accordingly, the scheduling order [17] is moot.


IT IS SO ORDERED.

DATED this _____17th_____ day of September, 2012.


  /s/ Garr M. King
Garr M. King
United States District Judge